IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATASHA THOMAS<br>39 Old Cedarbrook Road<br>Wyncote, PA 19095 | : | CIVIL ACTION NO. _____ |
| Plaintiff, | : | **JURY TRIAL DEMANDED** |
| v. | : | |
| THE TRUSTEES OF THE UNIVERSITY OF<br>PENNSYLVANIA d/b/a THE<br>PRESBYTERIAN MEDICAL CENTER OF<br>THE UNIVERSITY OF PENNSYLVANIA<br>HEALTH SYSTEM<br>51 North 29th Street<br>Philadelphia, PA 19104 | : | |
| Defendant, | : | |

## COMPLAINT – CIVIL ACTION

Plaintiff, Natasha Thomas ("Plaintiff"), by and through her undersigned attorney, for her Complaint against the Trustees of the University of Pennsylvania ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff initiates this action contending that Defendant interfered with and violated her rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et. seq.*, the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, and Title VII of the Civil Rights Act of 1964 ("Title VII") 42 U.S.C. § 2000(e) *et seq.*, and ultimately terminated her employment in retaliation for her attempts to exercise those rights in violation of the same. As a result, Plaintiff has suffered damages as set forth herein.

## PARTIES

2. Plaintiff is a citizen of the United States and Pennsylvania and currently maintains a residence located at 39 Old Cedarbrook Road Wyncote, PA.

3. Defendant Trustees of the University of Pennsylvania is non-profit educational institution with a principal place of business located at 1 College Hall, Philadelphia, PA 19104.

## JURISDICTION AND VENUE

4. Paragraphs 1 through 3 are hereby incorporated by reference as though the same were fully set forth at length herein.

5. On or about May 23, 2017, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dually filed with the Pennsylvania Human Relations Commission ("PHRC"), thereby satisfying the requirements of 29 U.S.C. § 621, *et seq.* Plaintiff's EEOC charge was docketed as EEOC Charge No. 530-2017-01987. Plaintiff's EEOC Charge was filed within one hundred and eighty (180) days of the unlawful employment practice.

6. This action is authorized and initiated pursuant to the ADA, FMLA, and Title VII.

7. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

8. The venue in this district is proper pursuant to 28 U.S.C. § 1391, inasmuch as the Defendant resides in this judicial district, doing business therein.

## FACTUAL BACKGROUND

9. Paragraphs 1 through 8 are hereby incorporated by reference as though the same were fully set forth at length herein.

10. At all times relevant hereto, Defendant was engaged in an industry affecting interstate commerce and had fifty (50) or more employees in twenty (20) or more workweeks in the current or proceeding calendar year.

11. At all times relevant hereto, Defendant employed fifty (50) or more employees at or within seventy-five (75) miles of Plaintiff's worksite with Defendant.

12. Plaintiff worked at least twelve hundred and fifty (1,250) hours for Defendant during the twelve (12) month period immediately preceding her entitlement to protected medical leave.

13. Plaintiff began her employment with Defendant in or about March 2008.

14. In or about 2015, Plaintiff voluntarily transferred to the role of Pool Nurse.

15. At all times material hereto, Plaintiff received positive reviews of her performance, regular raises, occasional praise, and no justifiable discipline.

16. In or about September 2016, Plaintiff was diagnosed with pregnancy-related hypo-thyroidism, a disability within the meaning of the ADA in that it substantially impaired Plaintiff's ability to perform major life activities for an extended period of time.

17. Shortly thereafter, on or about October 7, 2016, Plaintiff commenced a leave of absence under the Family and Medical Leave Act ("FMLA") in connection with her pregnancy and childbirth.

18. On or about November 8, 2016, while Plaintiff was on leave in connection with her pregnancy, child-birth, and pregnancy-related disability, Plaintiff suffered a fractured ankle, a disability within the meaning of the ADA in that it substantially impaired her ability to walk and stand for extended periods of time.

19. In or about December 2016, Plaintiff requested an extension of her leave of absence under the ADA in connection with her ankle fracture, a request for a reasonable accommodation. Respondent initially granted her request, pursuant to her physician's directive, and approved her leave of absence until January 31, 2017.

20. On or about February 1, 2017, Plaintiff provided Defendant with her return to work notice from her physician, which included requests for a twenty-five (25) pound lifting restriction, the use of an ankle brace, and occasional breaks in connection with her ankle pain through April 13, 2017.

21. Plaintiff's supervisor, Susan Chonko ("Ms. Chonko"), remarked "We tend to fill your position if you can't return after FMLA," a facial admission that Defendant fails to engage in the interactive process to determine reasonable accommodations, in violation of the ADA.

22. On March 2, 2017, Defendant abruptly terminated Plaintiff's employment because the accommodations that Plaintiff had requested were allegedly an "an undue hardship."

23. Accordingly, it is believed and thus averred that Defendant failed to engage in the interactive process with Plaintiff to determine whether she could be provided with a reasonable accommodation which would permit her to perform the essential functions of her position.

24. Although Plaintiff informed Defendant that she was willing to accept alternate positions, on or about March 2, 2017, Zene Colt ("Mr. Colt"), Human Resources Manager, informed Plaintiff that Defendant did not have any available positions in which her request for an accommodation could be met.

25. In light of the foregoing, it is believed and therefore averred that Defendant's suggested reason for her termination was pretextual, and that Plaintiff was actually terminated on the basis of her pregnancy, disabilities and/or record of impairment, such disabilities that

Defendant regarded her as having, and in retaliation for her requests for accommodations in connection with her disabilities, in violation of Title VII and the ADA.

## COUNT I
## FAMILY AND MEDICAL LEAVE ACT
## INTERFERENCE AND RETALIATION

26. Paragraphs 1 through 25 are hereby incorporated by reference as though the same were fully set forth at length herein.

27. Defendant is a "covered employer" within the meaning of the FMLA.

28. Plaintiff was an "eligible employee" under the FMLA and was entitled to twelve (12) weeks of protected, unpaid leave to care for her pregnancy-related disability.

29. Defendant violated the FMLA by: (a) using Plaintiff's taking of leave for FMLA-qualifying reasons as a negative factor in its decision to terminate Plaintiff's employment, (b) by terminating Plaintiff because of her FMLA-qualifying leave request; and (c) by terminating Plaintiff for taking FMLA-qualifying leave and/or in retaliation for attempting to exercise her rights under the FMLA.

30. The aforementioned actions constitute both interference and retaliation violations of the FMLA.

31. Plaintiff has, because of Defendant's wrongful termination of her employment, been unable to obtain other employment, has suffered significant wage losses and loss of potential bonuses.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

a) Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

b) Liquidated damages;

c) Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

d) Any verdict in favor of Plaintiff is to be molded by this Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law;

e) Pre-judgment interest in an appropriate amount; and

f) Such other and further relief as is just and equitable under the circumstances.

## COUNT II
## TITLE VII
## PREGNANCY DISCRIMINATION AND RETALIATION

32. Plaintiff repeats and incorporates the foregoing 31 paragraphs as though the same were fully set forth at length herein.

33. Defendant employed at least fifteen (15) employees throughout its various office locations at all times material hereto.

34. Defendant violated Title VII in that Defendant unlawfully and illegally discriminated against Plaintiff on account of her pregnancy, her pregnancy-related disability, and her requests for an accommodation in connection thereto.

35. Defendant acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

36. Because of Defendant's unlawful acts, Plaintiff has suffered damages in the form of, *inter alia*, loss of past and future wages and compensation, mental and emotional damages, loss of reputation, personal humiliation, and loss of life's enjoyment.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

a) Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

b) Liquidated damages;

c) Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

d) Any verdict in favor of Plaintiff is to be molded by this Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law;

e) Pre-judgment interest in an appropriate amount; and

f) Such other and further relief as is just and equitable under the circumstances.

## COUNT III
## THE AMERICANS WITH DISABILITIES ACT
## DISCRIMINATION, RETALIATION, AND FAILURE TO ACCOMMODATE

37. Paragraphs 1 through 36 are hereby incorporated by reference as though the same were more fully set forth at length herein.

38. At all times relevant hereto, Plaintiff was an employee within the meaning of the Americans with Disabilities Act of 1990.

39. Pursuant to the ADA, Plaintiff is a qualified individual with one or more disabilities.

40. Plaintiff's broken ankle and pregnancy-related disability limited her ability to engage in major life activities, including walking, standing, concentrating, and caring for herself.

41. Defendant was aware of Plaintiff's disabilities and/or regarded Plaintiff as being disabled.

42. Plaintiff's request for medical leave to seek treatment for the above-mentioned conditions constituted a request for a reasonable accommodation.

43. By reasons of the foregoing, Defendant, through its agents, officers, servants, and/or employees has violated the ADA by terminating Plaintiff's employment because of her actual and/or perceived disabilities and request for a reasonable accommodation in connection thereto.

44. It is further alleged that, by reasons of the foregoing, Defendant unlawfully failed to provide reasonable accommodations for Plaintiff's disabilities.

45. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

a) Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

b) Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

c) Plaintiff's costs, disbursements and attorneys' fees incurred in prosecuting this action;

d) Pre-judgment interest in an appropriate amount; and

e) Such other and further relief as is just and equitable under the circumstances;

f) Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable federal law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issue so triable.

Respectfully submitted,

MURPHY LAW GROUP, LLC

By: _____
Michael Murphy, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
Attorney for Plaintiff

Dated: 11/16/2017

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to the same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.

<br>